UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| **ROBERT POGUE** | ) | CIVIL ACTION NO.: |
| | ) | |
| **Plaintiff,** | ) | SECTION: |
| | ) | |
| vs. | ) | MAG. DIV.: |
| | ) | |
| **UNION PACIFIC** | ) | |
| **RAILROAD COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| Please serve: | ) | |
| | ) | |
| Union Pacific Railroad Company | ) | |
| c/o The Corporation Company, Inc. | ) | |
| 112 SW 7th Street Suite 3C | ) | |
| Topeka, Kansas 66603 | ) | |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

NOW COMES Robert Pogue, by and through undersigned counsel, and hereby alleges the following cause of action against the above named defendant as follows:

1. Plaintiff, Robert Pogue, is a resident and domiciled in the City of Derby, in the County of Sedgwick, Kansas.

2. This Honorable Court possesses federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*.

3.  Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(c) as the Defendant, the Union Pacific Railroad Company [hereinafter "UP"] owns, operates, and maintains equipment and mainline railroad tracks in the District of Kansas, resulting in UP possessing sufficient minimum contacts in the District of Kansas.  In addition, the cause of action arises from an on-duty injury sustained within the District of Kansas as stated below.

3.  This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as FELA, to recover damages for personal injuries sustained by the Plaintiff in the line of duty while employed as a railroad conductor by the Defendant, UP, and while engaged in interstate commerce between the several states.

4.  Defendant, UP, domiciled in Delaware, with its principal business establishment in Omaha, Nebraska does engage in interstate commerce as a common carrier by railroad, and more particularly, UP owns and operates its equipment on UP railroad tracks in the State of Kansas, including the mainline railroad tracks located in the District of Kansas where Plaintiff sustained his injuries in the course and scope of his employment.

5.  Defendant, UP, is liable unto Plaintiff, Robert Pogue, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.  On or about September 25, 2014, Plaintiff was carrying out his duties as a conductor onboard UP Train ILXG4X-22, which was traveling east on UP's mainline railroad track near Galva, Kansas.  In the course of its eastbound travel, the train Plaintiff was riding aboard passed through a signal at the east end of the track, control point ["CP"] 208, which was displaying a red aspect or "stop" indication, while the signal beyond that, CP 207, was displaying a green aspect or "proceed" indication.

7.      Upon information and belief, the brightness displayed by the light emitting diode "LED" green proceed signal at CP 207 masked the signal at CP 208 which displayed a red signal. Notably, the red signal at CP 208 was only illuminated by a much dimmer incandescent light. As result, the eastbound train Plaintiff was riding aboard did not/could not observe the dimmer red light at CP 208 signaling the train to stop, thus causing the eastbound train to collide with another westbound UP train.

8.      On September 25, 2014, while performing his duties in his usual and customary safe manner, Plaintiff sustained injuries to his low back and lumbar spine causing mental and physical pain and suffering.

9.      Plaintiff avers that at the time of this accident on September 25, 2014, he was an able-bodied railroad worker, and that the negligence of Defendant, UP, in failing to safely and properly illuminate its control point signals, directly caused, in whole or in part, Plaintiff's severe injuries for which he has undergone orthopedic and neurological treatment, now and in the future.  Furthermore, as a result of Defendant UP's negligence, Plaintiff has suffered continued physical and mental pain, as well as, economic loss for past lost wages, future earning capacity, fringe benefits, and unpaid past and future medical expenses for which he demands recovery.

10.     Plaintiff further avers that Defendant, UP, through their agents, servants, and employees recklessly, negligently, and/or carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned accident; and the negligence of UP includes, but is not limited to the following acts to-wit:

A. In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with a reasonably safe place to work;

B. In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with proper assistance to perform his duties;

C. In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with reasonably safe and proper tools and equipment to carry out his job duties;

D. In that UP violated its own safety and operating rules;

E. In that UP violated federal regulations found in title 49 of the Code of Federal Regulations that were enacted for purpose of promoting railroad employee safety;

F. In that UP failed to conduct a hazard analysis that included testing signal visibility (conspicuity) after changing the configuration of the signal at CP 207 before the accident in question.

G. In that UP knew, or in the exercise of reasonable care, should have known that the incandescent signals at CP 208 would be masked and not reasonably visible to the crew given the installation of LED green signal aspects at CP 207, but UP failed to exercise reasonable care to make sure its signal system was reasonably conspicuous, visible, and safe for operation.

H. In that UP failed to exercise due care and caution commensurate with the surrounding circumstances; and

I. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

11. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages suffered for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Permanent Disability;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages;

    F. Future Lost Earning Capacity and Fringe Benefits;

    G. Unpaid Past Medical Expenses;

    H. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy.

12. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

13. Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, Robert Pogue, prays that Defendant, Union Pacific Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Robert Pogue and against Defendant, Union Pacific Railroad Company, for a fair and reasonable sum for actual damages in excess of $75,000, costs incurred, punitive damages and attorneys' fees, together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

## DESIGNATION OF VENUE FOR TRIAL

Pursuant to Rule 40.2 of the District Court of Kansas Rules, plaintiff Robert Pogue hereby designates venue for trial for all issues triable by jury as the United States District Court located in Kansas City, Kansas.

RESPECTFULLY SUBMITTED,

SHAFFER LOMBARDO SHURIN. P.C.

*/s/ Richard F. Lombardo*_____
Richard F. Lombardo #22326
Gregory P. Forney    #16329
2001 Wyandotte Street,
Kansas City, MO 64108
816-931-0500;   813-931-5775  (fax)
rlombardo@sls-law.com
gforney@sls-law.com

and

DAVIS SAUNDERS & MILLER

/s/ *Benjamin Saunders*_____

400 Mariners Plaza Drive, Suite 401
Mandeville, LA  70448
800-321-7815
985-612-3072 (fax)
bensaunders@davissaunders.com

**COUNSEL FOR PLAINTIFF**

Please Serve:

Union Pacific Railroad Company
c/o The Corporation Company, Inc.
112 SW 7th Street Suite 3C
Topeka, Kansas 66603